UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM S. WALSH,

                              Plaintiff,

    vs.                                                 9:12-CV-1722

JOYCE CARVER JORDAN, *et al.*,                   (MAD/ATB)

                              Defendants.
_____

WILLIAM S. WALSH
Plaintiff, pro se

RACHEL M. KISH, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Mae A. D'Agostino, United States District Judge. In this pro se complaint, plaintiff asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 *et seq*. Plaintiff asserts that he has a "physical impairment of the digestive system" that substantially limits his ability to eat. (Dkt. No. 1 ("Compl") at 6). He claims that he was denied any reasonable accommodation for his disability at Franklin Correctional Facility, and that defendants have refused to house him at a facility where his disability could reasonably be accommodated. (Compl. at 7, 10-30).

Currently before the Court is defendants' motion pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rules") to dismiss the complaint for failure to prosecute. (Dkt. No. 37). For the following reasons the court recommends that the motion be granted and plaintiff's complaint be dismissed.

## DISCUSSION

**I.     Background**

Plaintiff filed this action on November 21, 2012 (Dkt. No. 1). His motion to proceed *in forma pauperis* was granted, and service was ordered on April 10, 2013. (Dkt. No. 8 ("April Order")). The April Order informed plaintiff that he "**is []  required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**." (April Order at 8) (emphasis in original). By letter dated July 24, 2013, and filed July 29, 2013, plaintiff communicated with the Court, asking for assistance locating a defendant for service. (Dkt. No. 28). On July 31, 2013, defendants answered plaintiff's complaint. (Dkt. No. 30). I issued a Mandatory Pretrial Discovery and Scheduling Order ("the Scheduling Order") on August 1, 2013, setting a discovery deadline of December 2, 2013. (Dkt. No. 31).[1] On November 29, 2013, defendants requested an extension of the discovery deadline, which the court granted on December 2, 2013. (Dkt. Nos. 32, 33). The court mailed its Text Order

---

[1] The Scheduling Order grants defendants leave to take plaintiff's deposition and explains the proper procedure for doing so. (Dkt. No. 31 at 3-4). It specifically advises plaintiff that "[t]he failure of plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37."

2

granting defendants' request to plaintiff.  (*See* Dkt. Entry No. 33).  On January 6, 2014, the Text Order mailed to plaintiff was returned to the court with a notation on the envelope indicating that it should be returned to sender, and that plaintiff had been released.  (Dkt. No. 35).

Counsel for defendants states that his request for an extension (Dkt. No. 32) was returned to the Office of the Attorney General on January 2, 2014, marked "RETURN TO SENDER," "RTS," and "Parole".  (Dkt. No. 37-2 at ¶ 9, Ex. B ("Affirmation")).  Counsel for defendants further asserts that on December 13, 2013, he served a notice of deposition on plaintiff, and that this notice was also returned to the Office of the Attorney General on January 2, 2014, marked "RETURN TO SENDER," "RTS," and "Parole."  (Affirmation at ¶¶ 8, 11, Ex. A).  On the same date that he served the notice of deposition on plaintiff, counsel for defendants also served a copy of a status report.  (Affirmation at ¶ 7).  This was also returned to the Office of the Attorney General on January 2, 2014 with the same notations on the envelope.  (Affirmation at ¶ 10, Ex. C).

Defendants filed their motion to dismiss for failure to prosecute on February 4, 2014.  (Dkt. No. 37).  Plaintiff has not responded to this motion.  Counsel for defendants filed a letter in further support of the motion to dismiss, indicating that the copy of the motion that was sent to plaintiff was returned as undeliverable.  (Dkt. No. 39 at 1).

## II. Motion to Dismiss

### A. Applicable Law

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with the Federal Rules or an order of the court.[2] *See Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). More specifically, the failure of a litigant to comply with the requirement to notify a court of a change of address is sufficient to justify dismissal of a plaintiff's complaint. *Dansby*, 1996 WL at *1 ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes . . . ."); *Ealy v. Superintendent of Groveland Corr. Facility*, 680 F. Supp. 2d 445, 448 (W.D.N.Y. 2009) (explaining that the failure of a pro se petitioner to update his address "is no small matter"); *Dumpson v. Goord*, No. 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.") (collecting cases); *see also* N.D.N.Y. L.R. 41.2(b) (stating that failure to notify the court of a change of address in accordance with Local Rule 10.1(c)(2) may result in the dismissal of any pending action).

---

[2] Courts may exercise this dismissal power *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

4

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of: 1) whether plaintiff's failure caused a delay of considerable duration; 2) whether plaintiff was given notice that further delay would result in dismissal; and 3) whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

**B.   Application**

After reviewing the record, the court finds that consideration of the factors discussed above weighs in favor of dismissal. Plaintiff's last communication with this Court was in July 2013. (Dkt. No. 28). A review of the Department of Corrections and Community Supervision ("DOCCS") Inmate Locator shows that plaintiff was released on September 12, 2013. *See* http://nysdoccslookup.doccs.ny.gov. Plaintiff has not communicated with the Office of the Attorney General–or this court–since his release six months ago.[3] (Affirmation at ¶¶ 14-15). It appears that plaintiff has abandoned this action.

The fact that court and defense counsel's communications sent to the address

---

[3] The court also notes that because plaintiff has not updated his address or otherwise communicated with the court or counsel for defendants, defendants have been unable to depose plaintiff. The court's Scheduling Order warned plaintiff that failure to appear for a deposition may result in sanctions, including dismissal of the action. (Dkt. No. 31 at 4).

5

given by plaintiff over the past six months have all been returned as undeliverable presents an obvious impediment to the case going forward, resulting in prejudice to defendants. The April Order explicitly informed plaintiff of the requirement to update his address with the court, and that his failure to do so may result in dismissal of the action. (Dkt. No. 8 at 8). This case cannot proceed without plaintiff's participation. The court, therefore, recommends dismissal of plaintiff's complaint because he has failed to notify the court of his change of address, or otherwise communicate with defense counsel or this court for the past six months.[4]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 37) be **GRANTED**, and that the complaint be **DISMISSED IN ITS ENTIRETY.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: March 21, 2014

Andrew T. Baxter
U.S. Magistrate Judge

---

[4] The court notes that less drastic sanctions would be ineffective–for example, an order directing plaintiff to update his address would be futile, given that such an order would most likely never reach plaintiff due to his failure to notify the court of his current address.

6