**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM S. WALSH,**

                            **Plaintiff,**

  vs.                                                              9:12-cv-01722
                                                                               (MAD/ATB)

**JOYCE CARVER JORDAN, Director of
Classication and Movement; DARWIN
LACLAIR, Superintendent; JOANNE
FITCHETTE, Acting Deputing Superintendent
of Programs; GLENN CHAMPAGNE, Medical
Director; DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION,**

                            **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**WILLIAM S. WALSH**
06-A-3975
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**             **RACHEL M. KISH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    Plaintiff, a former New York State prison inmate, and whose whereabouts are not currently known to the Court, commenced this action against Defendants who are employed at the prison facility in which he was confined, pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. In his complaint, Plaintiff asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act,

42 U.S.C. § 12101 *et seq.,* and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 *et seq.* Plaintiff asserts that he has a "physical impairment of the digestive system" that substantially limits his ability to eat. Dkt. No. 1 at 6. He claims that he was denied any reasonable accommodation for his disability at Franklin Correctional Facility, and that Defendants have refused to house him at a facility where his disability could reasonably be accommodated. *See id.* at 7, 10-30.

On February 4, 2014, Defendants moved to dismiss Plaintiff's complaint based on his failure to notify the Court of a change of address pursuant to the Local Rules of Practice for the Northern District of New York. *See* Dkt. No. 37. Upon the filing of that motion, the Court set a deadline of February 25, 2014 for the filing of any response by Plaintiff in opposition. Plaintiff failed to respond in opposition to Defendants' motion.

On March 21, 2014, Magistrate Judge Baxter issued a Report-Recommendation in which he recommended that the Court grant Defendants' motion to dismiss. *See* Dkt. No. 40. Magistrate Judge Baxter found that dismissal is appropriate pursuant to Local Rule 7.1(b)(3) because Defendants "have accurately cited proper legal authority for the basis of their motion to dismiss." Moreover, Magistrate Judge Baxter found that, in the alternative, dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 10.1(c)(2) for Plaintiff's failure to notify the Court or Defendants' counsel of his new address, which violated both a court order and the Local Rules of this Court. Neither party objected to Magistrate Judge Baxter's recommendation nor asked for an extension of time to do so.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However,

2

when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Baxter provided plaintiff adequate notice that he was required to file objections to the Report- Recommendation, and specifically informed him that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 40. Specifically, Magistrate Judge Baxter informed plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE**

**REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)." *See id.* Magistrate Judge Baxter clearly provided Plaintiff with sufficient notice of the consequences of failing to object to the Report-Recommendation.

Having carefully reviewed the March 21, 2014 Report-Recommendation, the Court finds that Magistrate Judge Baxter correctly determined that the Court should grant Defendants' motion to dismiss. Defendants established their entitlement to dismissal in their motion, and Plaintiff failed to respond. *See* N.D.N.Y.L.R. 7.1(b)(3). Alternatively, dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 10.1(c)(2) in light of Plaintiff's failure to notify the Court of his current address.

Wherefore, the Court hereby

**ORDERS** that Magistrate Judge Baxter's March 21, 2014 Report-Recommendation is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 37) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 2, 2014
        Albany, New York

Mae A. D'Agostino
U.S. District Judge